Raymond D. Schild, Esq.   (SBN 3937)
THE BOISE LAW FIRM, PLLC
2484 N. Stokesberry Place, Suite 100
Meridian, ID  83646
Telephone: (208) 336-1145
Email:  ray@boiseattorney.com

Counsel for Plaintiff

Hans W. Herb, Esq. (CA SBN 136018)
LAW OFFICES OF HANS W. HERB
P. O. Box 970
Santa Rosa, CA  95402
Telephone:  (707) 576-0757
Email:  hans@tankman.com

Pro Hac Vice Counsel for Plaintiff
Pamela D. Pringle

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAMELA D. PRINGLE, | No. |
| Plaintiff, | **CIVIL RIGHTS COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL** |
| v. | |
| DAN FRUCHTENICHT, SYLVIA DIAZ, JEFF GREEN, CHRISTOPHER SMALLING, SANDY JONES, JUDY MESICK, MARK ALAN KUBINSKI, ELISA SUE MAGNUSON, and DOES 1-50, inclusive, | **42 USC Section 1983**<br>**1st, 5th, 8th and 14th Amendments**<br>**California Penal Code 136.1(a)** |
| Defendants. | |

Plaintiff PAMELA D. PRINGLE ("Plaintiff"), through her undersigned counsel and upon information and belief, alleges the following.

## **INTRODUCTION**

1.      This case is essentially about the abuse of power, initially undertaken by Idaho state officials, who conspired amongst themselves to harass and traumatize Plaintiff and deprive her of the right to equal protection of the law and due process, in retaliation for Plaintiff's filing of numerous grievances and several lawsuits while she was serving a prison term in the state of Idaho.  The Idaho state Defendants (Sandy Jones, Judy Mesick, Mark Alan Kubinski and Elisa Sue Magnuson), further retaliated against Plaintiff for filing a civil rights suit after her release from prison, (*Pringle v. Gentry, et al.*, U.S. District Court, Eastern District of California Case No. 2:17-cv-2206, filed October 23, 2017), by conspiring with the California Defendants (Dan Fruchtenicht, Sylvia Diaz, Jeff Green and Christopher Smalling) to violate Plaintiff's parole without due process or equal protection, in an attempt to detain Plaintiff, return her to prison and terminate the lawsuit.

## **PARTIES**

2.      Plaintiff PAMELA DENISE PRINGLE is a United States citizen. Plaintiff is, and at all relevant times herein was, a resident of the State of California, County of Yolo.

3.      Defendant DAN FRUCHTENICHT is the Chief Probation Officer for the Yolo County Probation Department in Yolo County, California ("YCPB").  Upon information and belief, Defendant Fruchtenicht is responsible for the administration of the Yolo County Probation Department, and for setting the policies, customs and practices of the Department, as well as for training of its probation officers. At all relevant times, Defendant Fruchtenicht acted under color of law within the course and scope of his duties as an official of the County of Yolo and is personally responsible for

the deprivation of Plaintiff's civil rights outlined herein. Defendant Fruchtenicht is sued in his individual capacity for damages and his official capacity for prospective injunctive and declaratory relief.

4.      Defendant SYLVIA DIAZ is a Probation Officer employed by the Yolo County Probation Department in Yolo County, California ("YCPB"). At all relevant times, Defendant Diaz acted under color of law within the course and scope of her duties as an official of the County of Yolo and is personally responsible for the deprivation of Plaintiff's civil rights outlined herein. Defendant Diaz is sued in her individual capacity for damages and her official capacity for prospective injunctive and declaratory relief.

5.      Defendant JEFF GREEN is the state Commissioner and Compact Administrator for the California Interstate Commission for Adult Offender Supervision ("ICAOS") in Sacramento, California.   Upon information and belief, Defendant Green is responsible for administering the Interstate Compact for probationers and parolees transferring supervision of their probation or parole from or to California, including administration of the California Interstate Compact Offender Tracking System ("ICOTS"), and for setting the policies, customs and practices of the Department, as well as for training and supervision of the Deputy Compact Commissioner and the ICOTS Probation and Parole Administrators working within the Department.

6.      ICOTS is a web-based system that facilitates the transfer of supervision for probationers and parolees from one state to another. These activities include processing Interstate Compact Applications, and providing notifications of departures, arrivals, progress, violations, and case closures.  ICOTS also serves as a conduit for miscellaneous communication exchanges and supervision policies for offenders under supervision in another state.

7.     At all relevant times, Defendant Green acted under color of law within the course and scope of his duties as an official of the state of California and is personally responsible for the deprivation of Plaintiff's civil rights outlined herein. Defendant Green is sued in his individual capacity for damages and his official capacity for prospective injunctive and declaratory relief.

8.     Defendant CHRISTOPHER SMALLING is the Deputy Compact Administrator for the California Interstate Commission for Adult Offender Supervision ("ICAOS") in Sacramento, California. Upon information and belief, Defendant Smalling, under the supervision of Defendant Jeff Green, is responsible for administering the Interstate Compact for probationers and parolees transferring supervision of their probation or parole from or to California, including administration of the California Interstate Compact Offender Tracking System ("ICOTS"), and for setting the policies, customs and practices of the Department, as well as for training and supervision of the Deputy Compact Commissioner and the ICOTS Probation and Parole Administrators working within the Department.

9.     At all relevant times, Defendant Smalling acted under color of law within the course and scope of his duties as an official of the state of California and is personally responsible for the deprivation of Plaintiff's civil rights outlined herein. Defendant Smalling is sued in his individual capacity for damages and his official capacity for prospective injunctive and declaratory relief.

10.     Defendant SANDY JONES is and was at all times mentioned herein the Executive Director for the Idaho Commission of Pardons and Parole in Boise, Idaho. Upon information and belief, Defendant Jones is responsible for the administration of Idaho's parole system for all offenders convicted of a felony in Idaho and sentenced to

prison time, including the responsibility for overseeing the Idaho Parole hearing officers and Commissioners who make decisions regarding the granting or revocation of parole, for establishing special conditions of parole, and for issuing Parole Commission Warrants for parole violations. At all relevant times, Defendant Jones acted under color of law within the course and scope of her duties as an official of the state of Idaho and is personally responsible for the deprivation of Plaintiff's civil rights outlined herein. Defendant Jones is sued in her individual capacity for damages and her official capacity for prospective injunctive and declaratory relief.

11. Defendant JUDY MESICK is and was at all times mentioned herein the Deputy Interstate Compact Commissioner and the state ICOTS Administrator for the Idaho Interstate Commission for Adult Supervision in Boise, Idaho. Upon information and belief, Defendant Mesick (under the direction of the Idaho Interstate Compact Commissioner) is responsible for administering the Interstate Compact for probationers and parolees transferring supervision of their probation or parole from or to Idaho, including administration of the Idaho Interstate Compact Offender Tracking System ("ICOTS"), as well as for training and supervision of the Idaho Interstate Compact Coordinators and the Interstate Probation and Parole officers working within the Department.

12. At all relevant times, Defendant Mesick acted under color of law within the course and scope of her duties as an official of the state of Idaho and is personally responsible for the deprivation of Plaintiff's civil rights outlined herein. Defendant Mesick is sued in her individual capacity for damages and her official capacity for prospective injunctive and declaratory relief.

13. Defendant MARK ALAN KUBINSKI is and was at all times mentioned herein an attorney licensed to practice in the state of Idaho, employed by Idaho Attorney General's office as a Deputy Attorney General assigned to the Idaho Department of Corrections ("IDOC") and

the Idaho Commission for Pardons and Parole. Upon information and belief, Defendant

Kubinski is essentially an IDOC official, as he maintains an office at the IDOC headquarters in

Boise, Idaho, rather than at the office of the Idaho Attorney General and is responsible

for overseeing and administering all legal matters within the IDOC and Parole

Commission. At all relevant times, Defendant Kubinski acted under color of law within

the course and scope of his duties as an official of the state of Idaho and is personally

responsible for the deprivation of Plaintiff's civil rights outlined herein. Defendant

Kubinski is sued in his individual capacity for damages and his official capacity for

prospective injunctive and declaratory relief.

14.     Defendant ELISA SUE MAGNUSON is and was at all times mentioned

herein an attorney licensed to practice in both Idaho and California, employed by the

Idaho Attorney General's office as a Deputy Attorney General for the state of Idaho.

Defendant Magnuson was assigned by the Idaho Attorney General's office to represent

Defendants Jones, Gentry, McDonald, Mesick and Kubinski in the matter entitled *Pringle*

*v. Gentry*, et al., U.S. District Court, Eastern District of California Case No. 2:17-cv-2206

TLN, filed October 23, 2017, as well as the matter entitled *Pringle v. Cardall* et al., U.S.

District Court, Eastern District of California Case No. 2:18-cv-02035 WBS, filed July 25,

2018. At all relevant times, Defendant Magnuson acted under color of law within the

course and scope of her duties as an official of the state of Idaho and is personally

responsible for the deprivation of Plaintiff's civil rights outlined herein. Defendant

Magnuson is sued in her individual capacity for damages and her official capacity for

prospective injunctive and declaratory relief.

15.     The true names of Defendant DOES 1-50, inclusive are unknown to

Plaintiff, who therefore sues them by fictitious names. Plaintiff alleges that Defendant

DOES 1-50, inclusive, are employees of either the Idaho Commission for Pardons and Parole, Idaho Department of Correction, Idaho Attorney General's office, Idaho Interstate Commission for Adult Supervision, California Interstate Commission for Adult Supervision, County of Yolo, Yolo County Probation Department other Idaho or California governmental entities responsible in some way for the injuries and damages suffered by Plaintiff. At all relevant times herein, these unnamed Defendants were acting under "color of state law" and are sued in both their individual and official capacities.

16.     Plaintiff will amend her complaint to state the true names and capacities of Defendant DOES 1-50, inclusive, when they have been ascertained.

17.     Each named and DOE defendant was the agent or employee of co-defendants, and in doing the things alleged, were acting within the scope and course of such agency or employment and with the actual or implied permission, consent, authorization and approval of said co-defendant.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983. This Court has authority to award attorney fees pursuant to 42 U.S.C. §1988. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

19.     This Court has supplemental jurisdiction over Plaintiff's pendent state law claims under 28 U.S.C. §1367(a), as those claims arose out of the same transactions and occurrences as Plaintiff's federal question claims.

20.     Venue is this matter properly lies in the United States District Court for the Eastern District of California under 28 U.S.C. §1391(b)(2) because all of the acts and/or omissions described in this Complaint, and their resulting harm to Plaintiff, occurred in that

District, including violation of California Penal Code Section 136.1 by Defendants Elisa Sue Magnuson, Mark Alan Kubinski, Judy Mesick and Sandy Jones.

21.     Venue is also proper in the United States District Court for the Eastern District of California judicial district under 28 U.S.C. §1391(b)(3) because Plaintiff resides within that District, and four or more of the Defendants reside and are employed within the District.

22.     Plaintiff is filing this suit in the District of Idaho for the sole reason that the Eastern District of California has twice transferred and/or dismissed related cases against the same Idaho defendants as named herein for alleged lack of personal jurisdiction (Defendants Sandy Jones, Judy Mesick, Mark Alan Kubinski and Elisa Sue Magnuson).

## **FACTUAL ALLEGATIONS**

23.     On November 1, 2016, Plaintiff was released on parole from an Idaho prison after serving three and a half years of a six-year sentence which she received in an Idaho state court for committing a financial crime in 2011, due to an untreated gambling addiction.

24.     Previously, during the pendency of Plaintiff's Idaho prison sentence, she had been subject to intense personal animus and retaliatory acts constituting grievous civil rights violations by some of the named defendants in this action and other Idaho government officials, arising from Plaintiff's filing of numerous grievances and legal actions against the Idaho officials for malfeasance and unlawful acts.

25.     At the time Plaintiff's term of incarceration commenced, she had been a resident of Idaho for more than seven years.  However, Plaintiff was informed by Idaho parole commissioners under the supervision of Defendant Sandy Jones, as well as various other Idaho officials and employees of the Idaho Department of Corrections and the Idaho Parole Commission, that Idaho parole officials would not release Plaintiff from

prison onto parole unless she agreed to parole to California, Plaintiff's former state of residence.

26.    At all relevant times herein, Plaintiff was a resident of the state of California, Defendants' actions all occurred within California or were purposefully directed towards her and the state of California, the Idaho defendants (Defendants Mark Alan Kubinski, Elisa Sue Magnuson, Judy Mesick and Sandy Jones) made numerous contacts with individuals located within the state of California, including the named California defendants (Defendants Dan Fruchtenicht, Sylvia Diaz, Jeff Green and Christopher Smalling) and others, and the effects of all named Defendants' actions were felt solely within the state of California.  Furthermore, nearly all the witnesses and evidence of the unlawful actions as described herein are physically located within the state of California.

27.    The sole reason that the Idaho officials insisted that Plaintiff parole to California was to prevent Plaintiff from pursuing several pending lawsuits against Idaho officials filed in Idaho state courts; as they believed that Plaintiff would be unable to continue pursuing those actions against them if she paroled to California.  Based upon that premise, Idaho parole officials instituted a condition of parole on Plaintiff that she was prohibited from travelling to Idaho during the pendency of her parole.

28.    Various Idaho officials, including Defendants Judy Mesick and Mark Alan Kubinski, arranged for Plaintiff's parole to be supervised by Yolo County Probation Department (YCPD) under the Interstate Compact Act.  Plaintiff's supervising parole agent at YCPD was Defendant Sylvia Diaz, who was and is supervised by Defendant Fruchtenicht.

<u>Issuance of a False and Retaliatory Parole Violation Report and Arrest Warrant</u>

29.    Between February 7, 2017, and April 26, 2017, Plaintiff met with Defendant Sylvia Diaz in person on three separate occasions and spoke with Defendant Diaz on the telephone on at least two occasions.  The majority of the communications between Plaintiff and Defendant Diaz focused on the history of the Idaho officials' previous retaliatory acts and civil rights violations against Plaintiff, including delineation of ongoing harassment.  Specifically,

Plaintiff relayed to Defendant Diaz on several occasions that Plaintiff was in the process of filing a civil rights action against the Idaho officials.

30.     On April 27, 2017, Defendant Sylvia Diaz placed Plaintiff on a limited form of supervision referred to as the "Telephone Reporting System," under which the only requirement of supervision was for Plaintiff to call an 800 number on the fourth day of every month and answer a few basic questions about her residence and employment.

31.     Transfer from active supervision onto the YCPD's Telephone Reporting System's limited supervision program is an incentive available to probationers and parolees who have demonstrated full compliance with all terms of their probation/parole set by the YCPD and have exhibited a positive attitude.  In this case, Plaintiff received this incentive because she had no history of issues or violations with the YCPD and had been fully cooperative with all agents of the YCPD.

32.     Plaintiff successfully completed her monthly Telephone Reporting System check-in calls on May 4, 2017; June 4, 2017; July 4, 2017, August 4, 2017, September 4, 2017, and October 4, 2017, and was not due to check in again until November 4, 2017.

33.     At all times between May 4, 2017 and November 3, 2017, Plaintiff fully complied with the requirements of the YCPD's Telephone Reporting System's limited supervision program for supervised felony offenders.

34.     Between January 2017 and November 2017, Defendants Judy Mesick, Sylvia Diaz, Dan Fruchtenicht, Jeff Green, Christopher Smalling and/or their authorized representatives or government employees working with them or under their control, communicated through the ICOTS system (originating in California) and by telephone and email with regard to Plaintiff.  Included in those communications was specific information relating to Plaintiff's intent to file a civil rights lawsuit against Idaho officials.

1    35.    Between February and October of 2017, Defendants Judy Mesick, Sandy Jones

2  and Mark Alan Kubinski communicated regarding Plaintiff's intent to file a lawsuit against them

3  and other Idaho officials and began conspiring with California Defendants Dan Fruchtenicht,

4  Sylvia Diaz, Jeff Green, and Christopher Smalling to engineer a false parole violation against

5  Plaintiff for absconding in the event that Plaintiff followed through with filing a civil rights suit.

6    36.    On October 22, 2017, Plaintiff finished preparing her civil rights suit against

7  various Idaho state prison and parole officials, including Defendants Judy Mesick, Sandy Jones

8  and Mark Alan Kubinski, among others, and emailed a courtesy copy to Defendants Judy

9  Mesick, Sandy Jones and Mark Alan Kubinski, along with multiple members of the Idaho

10  Attorney General's office.  The communication included a confidential letter which offered the

11  Defendants an opportunity to settle the matter prior to suit being filed.

12    37.    Later that day, Plaintiff was copied on an email that Defendant Mark Alan

13  Kubinski had sent to Defendants Judy Mesick and Sandy Jones indicating that they were not to

14  contact Plaintiff to attempt to settle, but that they were instead to contact him if they were served

15  with the Complaint.

16    38.     On October 23, 2017, Plaintiff filed her civil rights suit (in propria persona) in

17  the U.S. District Court for the Eastern District of California, *Pringle v. Gentry, et al.* Case No.

18  2:17-cv-2206.

19    39.    Plaintiff's Complaint in the *Pringle v. Gentry* matter contained specific

20  information indicating that Idaho officials (including Defendants Mark Alan Kubinski, Judy

21  Mesick and Sandy Jones) had for years engaged in a pattern of calculated harassment and

22  retaliation against Plaintiff, arising out of her protected conduct of filing numerous grievances

23  against Idaho state officials, as well as two Petitions for Writ of Habeas Corpus, and for assisting

24  many other Idaho prison inmates with filing grievances and legal documents against Idaho state

25  officials, all of which were warranted by those officials' prolific civil rights violations and

26  fraudulent activities.

27

28

40.     In light of Plaintiff's extensive history of being harassed by the Idaho
Defendants and other Idaho state officials, after filing the Complaint in this matter and
forwarding the courtesy copies to the Idaho Defendants, Plaintiff began regularly
checking her parole status on the IDOC Offender Search [status] Database that IDOC
maintains for public inquiries.

41.     The IDOC Offender Search Database is updated daily and indicates for
every individual who has been sentenced to prison at any IDOC facility, the offender's
place of incarceration and parole eligibility date [for currently incarcerated individuals];
and for parolees, the date on which the offender was paroled and their Sentence
Satisfaction Date (the date on which parole expires).

42.     Plaintiff checked her parole status on the IDOC Offender Search Database
daily between October 23, 2017, and November 3, 2017.

43.     As of 4:23 a.m. on October 26, 2017, Plaintiff's parole status as reported on
the IDOC Offender Search Database was "Released to [parole] Supervision on 11/1/16,"
with a Sentence Satisfaction Date of May 5, 2018 -- the date on which Plaintiff was
entitled to full release from parole.

44.     On November 3, 2017, Plaintiff again checked the IDOC Offender
Database and was shocked and dismayed to discover that as of 4:16 a.m. that morning,
her offender parole status had inexplicably been amended to "Fugitive."

45.     Plaintiff is informed and believes that when the term "Fugitive" appears on
the IDOC Offender Search Database, it evidences that the Idaho Parole Commission has
filed a parole violation warrant against the parolee which alleges absconding.

46.     However, Plaintiff had not in fact absconded from supervision, as she had
successfully completed the sole supervisory component of her parole supervision by the
YCPD set by Defendants Sylvia Diaz and Dan Fruchtenicht—the check-in calls—and
was not due to call in again until November 4, 2017, the day after Plaintiff discovered the

1    issuance of a parole violation warrant by Defendant Sandy Jones, as Executive Director of the

2    Idaho Parole Commission.

3        47.    Here, the timing says it all:  Plaintiff forwarded courtesy copies of the *Pringle v.*

4    *Gentry* Complaint to the Idaho Defendants on October 22, 2017; the Complaint was filed on

5    October 23, 2017; and the parole violation warrant was issued by Defendant Sandy Jones on or

6    about November 2, 2017.  Because Plaintiff had checked in through the YCPD Telephone

7    Reporting System on October 4, 2017, and was not due to check in again until November 4,

8    2017, there would have been no reason for Defendants Sylvia Diaz or Dan Fruchtenicht to

9    believe that Plaintiff had absconded on or before November 2, 2017, the date on which the parole

10    violation warrant alleging absconding was issued.

11        48.    Plaintiff contends that Idaho Defendants Jones, Mesick and Kubinski conspired

12    with each other to violate Plaintiff's parole out of retaliation for Plaintiff's continued filing of

13    lawsuits against them and convinced the California Defendants Dan Fruchtenicht, Sylvia Diaz,

14    Jeff Green and Christopher Smalling to cooperate with them to issue a false parole violation

15    report against Plaintiff which alleged that Plaintiff had absconded.

16        49.    Idaho officials, including Defendant Mark Alan Kubinski, have a long history of

17    destroying and falsifying documents and hiding and otherwise obfuscating evidence of their

18    culpability, in order to immunize Idaho officials from civil liability.

19        50.    One example of this is Defendant Mark Alan Kubinski, who has been the sole

20    legal advisor for the Idaho Department of Corrections and the Idaho Parole Commission for

21    many years, conspiring between 2012-2013 with former Idaho State Correctional Institution

22    Deputy Warden Shell Wamble-Fisher to alter and destroy prisoner medical records to hide from

23    a Special Master appointed in the *Balla v. IDOC* matter that a number of prisoners in that

24    institution had been diagnosed with Gender Identity Disorder, simply because the state of Idaho

25    did not want to pay for expensive treatment of those affected prisoners.

51.     In addition, within the past ten years, there have been a number of state and federal lawsuits against Idaho officials of the Idaho Department of Corrections and/or Idaho Parole Commission in which Defendant Mark Alan Kubinski has conspired with the defendants in those matters to take actions which are unlawful or which constitute fraud and deceit, solely in a misguided attempt to "save the Idaho taxpayers" from having to bear the burden of the cost of the Idaho government officials and employee's misdeeds and malfeasance.

52.     Plaintiff is also aware that Defendant Mark Alan Kubinski advised the Idaho defendants in the related action *Pringle v. Cardall*, et al., US District Court Case No. 2:18-cv-02025, filed in Eastern District-California, to ignore the summons and complaint served on them by Plaintiff's counsel in that matter, which actions resulted in default being entered against them and monetary sanctions being imposed by US District Court Judge William B. Shubb, for the Eastern District of California, Sacramento Division.

53.     At all relevant times herein, Plaintiff's parole supervision was governed by the Rules of the Interstate Commission for Adult Offender Supervision (ICAOS), given that her parole supervision had been involuntarily transferred from Idaho to California through the Interstate Compact Act/ICAOS by the Idaho defendants.

54.     ICAOS Rules pertaining to Interstate Compact supervision require that any report of serious violation, which would include allegations of absconding, must be initiated by the supervising agent in the receiving state (the state to which the offender transferred) and sent through the ICAOS Commission offices in the respective states (Sacramento, California and Boise, Idaho).

55.     As applicable to Plaintiff, any parole violation report would have had to be first initiated by Defendants Fruchtenicht or Diaz or another Probation Officer working for the YCPD and submitted through the ICOTS system in Woodland, California to

Defendants Green and Smalling in the Sacramento, California ICAOS office, who were responsible for communicating with Defendant Mesick at the Boise, Idaho ICAOS office regarding the parole violation alleged against Plaintiff.

56.    Further, any arrest warrant for absconding would have had to be initially issued by Defendants Fruchtenicht or Diaz as an agent's warrant.

57.    The foregoing procedure was not followed in this case.  There would have been no reason for a parole violation to have been initiated by the YCPD against Plaintiff for absconding, absent a request initiated by Defendants Jones, Mesick and Kubinski, as Plaintiff was on unsupervised parole through the YCPD and was fully compliant with all conditions of her supervision.  To date, no agent's arrest warrant for parole violation has ever been issued by the YCPD.

58.    In fact, no official parole violation report was prepared by any of the named Defendants until *after* the Idaho and California Defendants were served with the related case of *Pringle v. Cardall*, US District Court Case No. 2:18-cv-02035 WBS (ND-Cal).  At that time, all the named Defendants herein conspired to produce a parole violation report after the fact and to alter and falsify the official records to hide their misdeeds.

59.    Defendants Judy Mesick, Mark Alan Kubinski and Sandy Jones, after receiving notice of Plaintiff's suit in the *Pringle v. Gentry* matter, conspired with Defendants Dan Fruchtenicht, Sylvia Diaz, Jeff Green and Christopher Smalling to enter notes into ICAOS indicating that Plaintiff had absconded, after which time Defendant Sandy Jones simply issued a nationwide, no-bond parole commissioner's arrest warrant into NCIC against Plaintiff on the alleged basis of absconding.

60.    To date, Plaintiff has never been served with any written or oral notice of any parole violation from the YCPD or the Idaho Parole Commission, nor has she been allowed an opportunity to defend against the false parole violation in any manner, including through an impartial evidentiary hearing.

61.     Pursuant to ICAOS Rule 4.109-2: "If there is reason to believe that an offender has absconded, the receiving state shall attempt to locate the offender. Such activities **SHALL include but are not limited to: (1) conducting a field contact at the last known place of residence;** (2) contacting the last known place of employment, if applicable; and (3) **contacting known family members and collateral contacts."**

62.     Plaintiff has not moved from her official parole address of 2544 Allen Circle in Woodland, California; Plaintiff has had no direct contact with any officer, agent or employee at the YCPD since May 1, 2017 (other than calling the check-in number for the YCPD Telephone Reporting System); no attempt has been made to contact her by any agent or employee of the YCPD, including Defendants Fruchtenicht or Diaz; and none of Plaintiff's family members have been contacted by Defendants Fruchtenicht or Diaz, or anyone else working for YCPD.

63.     Specifically, Defendants Diaz and Fruchtenicht failed to contact Plaintiff's sister, Mika Pringle Tolson, with whom Plaintiff resided.  Plaintiff's sister was listed on Plaintiff's Interstate Compact Application for parole transfer from Idaho to California as being the family member responsible for Plaintiff.   Furthermore, Plaintiff completed at least four in-person check-in forms at the YCPD between January and April 2017 where she listed Mika Pringle Tolson as both a family member with whom Plaintiff resided and Plaintiff's emergency contact and included Ms. Tolson's telephone number on the forms. Ms. Tolson's telephone number as listed on Plaintiff's contact forms on file with the YCPD has not changed to date.  Thus, at all relevant times here, Defendants Fruchtenicht and Diaz had full knowledge of the proper manner in which to contact Plaintiff and her sister but failed to do so, in violation of ICAOS Rules.

64.     Defendants' Diaz and Fruchtenicht's failure to contact Ms. Tolson was an intentional act to obfuscate that they had conspired with Defendants Mark Alan Kubinski, Judy Mesick and Sandy Jones to issue a false parole violation that they hoped would

result in the arrest of Plaintiff.  Said intentional act was a deliberate violation of ICAOS rules which a reasonable person in Defendants' Diaz and Fruchtenicht's position would have known was a violation of Plaintiff's right to due process and equal protection of the law.

65.     California Defendants Diaz, Fruchtenicht, and one or more Doe Defendants, in conspiracy with Idaho Defendants Kubinski, Mesick and Jones, continued to violated ICAOS rules by submitting a false *ex post facto* violation report through the ICAOS system (initiated in Woodland and Sacramento, California) in support of their prior allegations that Plaintiff had absconded supervision.

66.     Defendants Green and Smalling and one or more Doe Defendants, in conspiracy with the Idaho Defendants, violated ICAOS rules by their processing through ICOTS a false, *ex post facto* parole violation report against Plaintiff which alleged absconding and which did not comport with mandatory ICAOS Rules.

67.     Furthermore, Defendants Mark Alan Kubinski, Judy Mesick and Sandy Jones conspired with one another and with Defendants Sylvia Diaz, Dan Fruchtenicht or other agents of the YCPD to falsify Plaintiff's parole file maintained at YCPD and online on the ICAOS database system, and to enter false data into the ICAOS system which indicated that Plaintiff had absconded.

68.     Plaintiff is informed and believes that the false parole violation report, which has resulted in a nationwide no-bond arrest warrant entered against her in the NCIC system, will ultimately subject her to re-incarceration for a period of up to two and a half years.

69.     While Idaho law (including Title 20 of the Idaho Code and Section 50 of the Idaho Administrative Procedures Act (IDAPA)) does technically provide for an evidentiary hearing during which the allegation of absconding would be subjected to proof, Plaintiff maintains from her experience and knowledge that the due process provided to parolees during those hearings is extremely limited.  Traditional Rules of Evidence do not apply; and the hearing officer is not

impartial, as they are employees of the Parole Commission, which Plaintiff has sued several times.

70.     Once Plaintiff is taken into custody on the parole violation warrant, the Defendants' allegations of absconding would thus likely be sustained, even without evidentiary proof of a valid violation.

71.     Further, Plaintiff is fearful of being under the power and control of Idaho officials once again, given their history of doling out extreme psychological torture to her and other individuals in the past in retaliation for filing grievances and legal actions.

Interference with the Pringle v. Gentry Suit

72.     On March 28, 2018, a hearing was held on Defendants' Motion to Dismiss Plaintiff's complaint in the *Pringle v. Gentry* matter.   Plaintiff appeared at the hearing telephonically.

73.     Instead of arranging for a telephonic appearance (which would have been customary), Defendants' counsel in that matter, Defendant Elisa Sue Magnuson, flew from Idaho to California and personally appeared at the hearing in Sacramento, California.

74.     Plaintiff contends that Defendants Kubinski, Mesick and Jones conspired with Defendant Magnuson to arrange for Plaintiff to be detained before the hearing by a deputy Marshal working out of the U.S. Marshal's office located in the same building as the U.S. District Court for the Eastern District of California, where the hearing was scheduled to be held.

75.     Plaintiff further contends that their plan was to effectuate an arrest of Plaintiff on the false and retaliatory parole violation warrant issued by the Defendant Jones and extradite her back to Idaho, in an effort to prevent Plaintiff from testifying at the hearing and pursuing her litigation against the Idaho defendants.

76.     Plaintiff also has received information from confidential sources that between February 2017 and April 2018, Defendant Magnuson engaged in several ex parte communications with Magistrate Judge Allison Claire (the assigned magistrate on the *Pringle v. Gentry* matter) regarding Plaintiff and Plaintiff's claims, including just prior to commencement of the hearing on Defendants' Motion to Dismiss on March 28, 2018, with a goal of preventing Plaintiff from testifying at the hearing and disposing of the case.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES**
**(42 U.S.C. Section 1983)**
**5th and 14th Amendment-Procedural and Substantive Due Process Violations**
**[Against All Defendants]**

77.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth herein.

78.     The Defendants named herein personally participated, or conspired with others who personally participated, in deliberate actions designed to deprive Plaintiff of her constitutional right to procedural and substantive due process rights, as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

79.     These actions included violating Plaintiff's rights under the Rules of the Interstate Commission for Adult Offender Supervision and for issuing an unlawful parole violation against Plaintiff without either substantive or procedural due process.

80.     The actions undertaken by Defendants had no genuine penological purpose, nor were they designed to achieve any legitimate governmental goal or interest.

81.     The actions of Defendants were willful, wanton, oppressive, reckless, cruel, oppressive, and purposefully done with callous and deliberate indifference to Plaintiff's federally protected rights and other laws.  These acts were perpetrated while Defendants were acting in their official capacities and under color of state law.

82.     Defendants, and each of them, engaged in, knew about or should have known about the acts and/or omissions that caused the constitutional deprivations alleged herein, but failed to prevent them and/or ratified/approved them and/or acquiesced to them.

83.     Defendants, and each of them, committed the aforementioned acts and omissions in bad faith and with knowledge that their conduct violated well-established law.

84.     As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiff suffered, continues to suffer, and is likely to suffer in the future, nervousness, anxiety, post-traumatic stress syndrome (PTSD), depression, extreme and severe mental anguish, mental and physical pain and injury, fright, shock, humiliation, indignity, embarrassment and apprehension.  For such injuries, she has incurred and will continue to incur significant damages.

85.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously.  By reason thereof, Plaintiff is entitled to punitive and exemplary damages from Defendants according to proof.

**SECOND CAUSE OF ACTION**
**DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES**
**(42 U.S.C. Section 1983)**
**14th Amendment Equal Protection**
**[Against All Defendants]**

86.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth herein.

87.     The Defendants named herein personally participated, or conspired with others who personally participated, in deliberate actions designed to deprive Plaintiff of

her constitutional right to equal protection under the law, as provided by the Fourteenth Amendment to the United States Constitution.

88.     The actions of Defendants were willful, wanton, oppressive, reckless, cruel, oppressive, and purposefully done with callous and deliberate indifference to Plaintiff's federally protected rights and other laws.  These acts were perpetrated while Defendants were acting in their official capacities and under color of state law.

89.     These actions included failing to provide Plaintiff equal protection of the law with respect to the Rules of the Interstate Commission for Adult Offender Supervision.

90.     Defendants, and each of them, engaged in, knew about or should have known about the acts and/or omissions that caused the constitutional deprivations alleged herein, but failed to prevent them and/or ratified/approved them and/or acquiesced to them.

91.     Defendants, and each of them, committed the aforementioned acts and omissions in bad faith and with knowledge that their conduct violated well-established law.

92.     The actions undertaken by Defendants had no genuine penological purpose, nor were they designed to achieve any legitimate governmental goal or interest.

93.     As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiff suffered, continues to suffer, and is likely to suffer in the future, nervousness, anxiety, post-traumatic stress syndrome (PTSD), depression, extreme and severe mental anguish, mental and physical pain and injury, fright, shock, humiliation, indignity, embarrassment and apprehension.  For such injuries, she has incurred and will continue to incur significant damages.

94.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously.  By reason thereof, Plaintiff is entitled to punitive and exemplary damages from Defendants according to proof.

## THIRD CAUSE OF ACTION
### DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES
#### (42 U.S.C. Section 1983)
**First Amendment Retaliation and Eighth Amendment Calculated Harassment**
**[Against All Defendants]**

95.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth herein.

96.     The individual Defendants named herein personally participated, or conspired with other who personally participated, in deliberate actions designed to deprive Plaintiff of her constitutional right to be protected against retaliation and calculated harassment for the exercise of her First Amendment right to petition for redress of wrongs.  Said violations have had a chilling effect on Plaintiff's free speech rights, in violation of the First Amendment.

97.     These actions included deliberately refusing to follow the provisions of the Rules of the Interstate Commission for Adult Offender Supervision with respect to Plaintiff, issuing an unlawful parole violation arrest warrant against Plaintiff, and interfering with the *Pringle v. Gentry* suit, in retaliation for Plaintiff's exercise of her First Amendment rights.

98.     The actions of Defendants were willful, wanton, oppressive, reckless, cruel, oppressive, and purposefully done with callous and deliberate indifference to Plaintiff's federally protected rights and other laws.  These acts were perpetrated while Defendants were acting in their official capacities and under color of state law.

99.     Defendants, and each of them, engaged in, knew about or should have known about the acts and/or omissions that caused the constitutional deprivations alleged

herein, but failed to prevent them and/or ratified/approved them and/or acquiesced to them.

100.    Defendants, and each of them, committed the aforementioned acts and omissions in bad faith and with knowledge that their conduct violated well-established law.

101.    The actions undertaken by Defendants had no genuine penological purpose, nor were they designed to achieve any legitimate governmental goal or interest.

102.    As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiff suffered, continues to suffer, and is likely to suffer in the future, nervousness, anxiety, post-traumatic stress syndrome (PTSD), depression, extreme and severe mental anguish, mental and physical pain and injury, fright, shock, humiliation, indignity, embarrassment and apprehension.  For such injuries, she has incurred and will continue to incur significant damages.

103.    Defendants' acts constituted a pattern and practice of calculated harassment against Plaintiff over a period of several years, in violation of the Eighth Amendment. Defendants' conduct also constitutes acts intended with malice and oppression as to Plaintiff such that Plaintiff is entitled to punitive damages.

**FOURTH CAUSE OF ACTION**
**Violation of 14th Amendment-Equal Protection of the Law**
**Violation of California Penal Code §136.1(a)**
**[Against Defendants Mark Alan Kubinski, Judy Mesick,**
**Sandy Jones and Elisa Sue Magnuson]**

104.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth herein.

105.    Plaintiff alleges that at all times mentioned herein, the conduct Defendants Mark Alan Kubinski, Judy Mesick, Sandy Jones and Elisa Sue Magnuson constituted interference or attempted interference with the exercise of enjoyment by Plaintiff of rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the state of California, including the right to petition the government for redress of wrongs, under the First

Amendment, and the right to testify as a witness on her own behalf, with regard to the

matter entitled *Pringle v. Gentry*.

106.    California Penal Code §136.1(a) provides in relevant part:

"Any person who does any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison:

(2) **Knowingly and maliciously attempts to prevent** or dissuade **any witness** or victim **from attending or giving testimony at any trial, proceeding, or inquiry authorized by law.**

(c) Every person doing any of the acts described in subdivision (a) or (b) knowingly and maliciously under any one or more of the following circumstances, **is guilty of a felony** punishable by imprisonment in the state prison for two, three, or four years under any of the following circumstances:

 (2) **Where the act is in furtherance of a conspiracy."**

107.    Defendants Mark Alan Kubinski, Judy Mesick, Sandy Jones and Elisa Sue

Magnuson personally participated in violating Plaintiff's right to equal protection under

the law by violating the provisions of California Penal Code §136.1(a), a felony act.

108.    As a direct cause of Defendants' Mark Alan Kubinski, Judy Mesick,

Sandy Jones and Elisa Sue Magnuson conduct, Plaintiff's rights were violated, causing

injuries, harm and damages in an amount to be proven at trial.

109.    Plaintiff contends that the named Defendants' conduct was a substantial

factor in causing harm to Plaintiff.

110.    As a direct cause of Defendants' conduct, Plaintiff's rights pursuant to

California Penal Code §136.1(a) were violated, causing injuries and damages in an

amount to be proven at the time of trial.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. §1985
### Civil Rights Conspiracy Claim
### [Against all Defendants]

111.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth herein.

112.    Defendants, including Does 1-50, inclusive, agreed amongst themselves to act in concert to deprive Plaintiff of her clearly established constitutional rights as protected by the First, Fifth, Eighth and Fourteenth Amendments.

113.    In furtherance of the conspiracy, Defendants engaged in and facilitated numerous overt acts in furtherance of the conspiracy, including acting in concert to contrive, create, produce and/or fabricate false disciplinary actions and a false parole violation against Plaintiff.

114.    As a direct and proximate result of Defendants' overt acts and/or omissions, Plaintiff was deprived of her constitutional rights and subjected to injuries and damages as set forth herein, and in an amount to be proven at trial.

115.    Plaintiff alleges that the Defendants' actions of conspiring together against her arose solely from their personal animus towards Plaintiff as a "Protected Class of One". Specifically, Defendants discriminated against Plaintiff and chose to retaliate against her on the basis of Plaintiff's legal education and experience, along with discriminating against Plaintiff's specific religious beliefs which were the catalyst for Plaintiff's legal and administrative actions undertaken to protect her and others similarly situated from being harmed by government officials.

## SIXTH CAUSE OF ACTION
### Violation of Civil Rights (MONELL CLAIMS)
### [Against Defendant Dan Fruchtenicht]

116.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth herein.

117.     Defendant Dan Fruchtenicht knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintained and permitted official policies and customs permitting the occurrence of the types of wrongs set forth hereinabove and hereafter, including violation of Plaintiff's rights under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

118.     Plaintiff has a constitutional interest to be free from improper policies and customs from law enforcement agencies such as the Yolo County Probation Department, which is run by Defendant Dan Fruchtenicht.

119.     These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers and negligent supervision, resulting in improper violations of professional conduct by way of color of authority.

120.     These policies and customs include failure to conduct adequate investigations into probation and parole violation, as herein alleged.

121.     Plaintiff is informed and believes, and thereon alleges, that the customs and policies instituted by Defendant Dan Fruchtenicht substantially contributed to the violations of Plaintiff's rights.  Based upon the principles set forth in *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, Defendant Dan Fruchtenicht is liable for all the injuries sustained by Plaintiff as set forth above.

122.     Due to the conduct of Defendant Dan Fruchtenicht, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage, in a sum to be proven at trial and recoverable pursuant to 42 U.S.C. §1988.

**SEVENTH CAUSE OF ACTION**
**DECLARATORY RELIEF**
**[Against All Defendants]**

123.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if they were fully set forth herein.

124.    An actual controversy exists between Plaintiff and Defendants regarding the constitutionality of Defendants' actions taken pursuant to the Interstate Agreement on Detainers, the Interstate Compact Act, and the parole violation lodged against Plaintiff as stated herein.

125.    Plaintiff is entitled to a declaration of rights with regard to the legality of the Defendants' actions described herein.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests the following relief:

1.   For compensatory, general and special monetary damages against each Defendant sued in their individual capacity, jointly and severally, in an amount to be shown according to proof, but in a sum greater than $1,500,000;

2.    For punitive and exemplary damages against each Defendant against each Defendant sued in their individual capacity, in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct, as allowed by law;

3.    For prospective injunctive relief against each Defendant sued in their official capacity, enjoining Defendants from continuing to engage in acts and/or omissions which violate Plaintiff's constitutional rights;

4.    For declaratory relief against each Defendant sued in their official capacity, that Defendants' acts, including the lodging of a parole violation against Plaintiff on or about November 1, 2017, and the intentional interference with the *Pringle v. Gentry* suit violated the

First, Fifth, Eighth and Fourteenth amendments to the U.S. Constitution, California Penal Code 136.1(a), the Interstate Agreement on Detainers, and the Rules of the Interstate Commission for Adult Offender Supervision;

     5.    For costs and reasonable attorneys' fees accrued pursuant to 42 U.S.C. §1988 and as otherwise authorized by statute or law;

     6.    For an award of interest to Plaintiff to commence from the date of first constitutional violation; and

     7.    For such other and further relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on each of her causes of action.

Respectfully submitted,         Dated:  October 18, 2019

By: _____ */S/ Raymond D.  Schild* _____
     Raymond D. Schild

Respectfully submitted,         Dated:  October 18, 2019

By: _____ */S/ Hans W. Herb* _____
     Hans W. Herb